**SHADOWLAWN FARM, Appellant,**

v.

**REVENUE CABINET, COMMONWEALTH OF KENTUCKY, Appellee.**

No. 88–CA–2598–S.

Court of Appeals of Kentucky.

Nov. 3, 1989.

Tom H. Pierce, Rouse, Rouse, Combs & Pierce, Versailles, for appellant.

Celia M. Dunlap, Atty., Revenue Cabinet, Frankfort, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

LESTER, Judge.

This is an appeal from a judgment affirming an order of the Board of Tax Appeals and dismissing the appeal to the circuit court of the appellant herein.

Just as in *Stoner Creek Stud, Inc. v. Revenue Cabinet*, Ky.App., 746 S.W.2d 73 (1987), the appellant operates a horse-farm selling, breeding and racing thoroughbred horses and neither Stoner Creek Stud nor the appellant wanted to pay sales taxes on feed, fertilizer, tractor parts and other items used in their businesses. Again, just as in *Stoner Creek Stud* we find that horses are not livestock since we Kentuckians do not customarily consume horseflesh at the dinner table and therefore, KRS 139.480(7) does not exempt the items just enumerated from the sales tax.

Next, Shadowlawn urges that furniture, building materials and interior decorations utilized in the farm manager's house and "advertising complex" are exempt from the sales and use tax pursuant to KRS 139.480(8) because they should be classified as "machinery for new and expanded industry." KRS 139.170 defines the nature of the machinery for a new and expanded business which is basically that used in the manufacturing or processing production of an item. Unless science had developed something of which this Court is unaware, we do not consider horses as being manufactured but rather the result of a union of stallion and mare. To our knowledge no machines are employed in the process. As requested by appellant, we have reviewed the statutes mentioned above but are unable to agree that a manager's house or the materials necessary for the remodeling or construction thereof are part of the process of "packaging of farm products [horses] for sale."

We, as did the circuit court, agree with and adopt the findings of fact, conclusions of law and order of the Board of Tax Appeals, and accordingly, the judgment is affirmed.

All concur.